UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| BRIANNA W., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:19-cv-00772-TWP-DML |
| ) | |
| ANDREW M. SAUL, Commissioner of the Social ) | |
| Security Administration, ) | |
| ) | |
| Defendant. ) | |

## ENTRY ON JUDICIAL REVIEW

Plaintiff Brianna W.[1] requests judicial review of the final decision of the Commissioner of the Social Security Administration (the "SSA"), denying her application for Supplemental Security Income ("SSI") under the Social Security Act. For the reasons, stated below, the decision of the Commissioner is **remanded**.

### I.   PROCEDURAL BACKGROUND

On March 22, 2016, Brianna W. protectively filed an application for SSI, alleging a disability onset date of October 14, 2014. (Filing No. 8-2 at 16.) Her application was initially denied on May 17, 2016, (Filing No. 8-4 at 2), and upon reconsideration on August 11, 2016, (Filing No. 8-4 at 9). Administrative Law Judge Shelette Veal (the "ALJ") conducted a hearing on March 22, 2017, at which Brianna W., represented by counsel, and a vocational expert ("VE"), appeared and testified. (Filing No. 8-2 at 29-43.) The ALJ issued a decision on June 12, 2018, concluding that Brianna W. was not entitled to receive benefits. (Filing No. 8-2 at 12-25.) The

---

[1] To protect the privacy interests of claimants for Social Security benefits, consistent with the recommendation of the Court Administration and Case Management Committee of the Administrative Office of the United States Courts, the Southern District of Indiana has opted to use only the first name and last initial of non-governmental parties in its Social Security judicial review opinions.

Appeals Council denied review on January 7, 2019. (Filing No. 8-2 at 2.) On February 22, 2019, Brianna W. timely filed this civil action, asking the Court pursuant to 42 U.S.C. § 1383(c) to review the final decision of the Commissioner denying her benefits. (Filing No. 1.) The Court notes that jurisdiction is also proper according to 42 U.S.C. § 405(g).

## II.  STANDARD OF REVIEW

Under the Social Security Act, a claimant may be entitled to benefits only after she establishes that she is disabled. Disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). To be found disabled, a claimant must demonstrate that her physical or mental limitations prevent her from doing not only her previous work but any other kind of gainful employment which exists in the national economy, considering her age, education, and work experience. 42 U.S.C. § 423(d)(2)(A).

The Commissioner employs a five-step sequential analysis to determine whether a claimant is disabled. At step one, if the claimant is engaged in substantial gainful activity, she is not disabled despite her medical condition and other factors. 20 C.F.R. § 416.920(a)(4)(i). At step two, if the claimant does not have a "severe" impairment that also meets the durational requirement, she is not disabled. 20 C.F.R. § 416.920(a)(4)(ii). A severe impairment is one that "significantly limits [a claimant's] physical or mental ability to do basic work activities." 20 C.F.R. § 416.920(c). At step three, the Commissioner determines whether the claimant's impairment or combination of impairments meets or medically equals any impairment that appears in the Listing of Impairments, 20 C.F.R. Part 404, Subpart P, Appendix 1, and whether the impairment meets the twelve-month duration requirement; if so, the claimant is deemed disabled. 20 C.F.R. § 416.920(a)(4)(iii).

If the claimant's impairments do not meet or medically equal one of the impairments on the Listing of Impairments, then her residual functional capacity will be assessed and used for the fourth and fifth steps. *See* 20 C.F.R. § 416.920(a)(4)(iv)-(v). Residual functional capacity ("RFC") is the "maximum that a claimant can still do despite [her] mental and physical limitations." *Craft v. Astrue*, 539 F.3d 668, 675-76 (7th Cir. 2008) (citing 20 C.F.R. § 404.1545(a)(1)[2]; Social Security Ruling ("SSR") 96-8p). At step four, if the claimant is able to perform her past relevant work, she is not disabled. 20 C.F.R. § 416.920(a)(4)(iv). At the fifth and final step, it must be determined whether the claimant can perform any other work, given her RFC and considering her age, education, and past work experience. 20 C.F.R. § 416.920(a)(4)(v). The claimant is not disabled if she can perform any other work in the relevant economy. *Id.*

The combined effect of all the impairments of the claimant shall be considered throughout the disability determination process. 42 U.S.C. § 423(d)(2)(B). The burden of proof is on the claimant for the first four steps; it then shifts to the Commissioner for the fifth step. *Young v. Sec'y of Health & Human Servs.*, 957 F.2d 386, 389 (7th Cir. 1992).

When an applicant appeals an adverse benefits decision, this Court's role is limited to ensuring that the ALJ applied the correct legal standards and that substantial evidence exists for the ALJ's decision. *Barnett v. Barnhart*, 381 F.3d 664, 668 (7th Cir. 2004) (citation omitted). For the purpose of judicial review, "[s]ubstantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (quotation omitted). Because the ALJ "is in the best position to determine the credibility of witnesses," *Craft*, 539 F.3d at 678, this Court

---

[2] The Code of Federal Regulations contains separate, parallel sections concerning disability insurance benefits and SSI, which are identical in most respects. Cases may reference the section pertaining to disability insurance benefits, such as in *Craft*, which cites 20 C.F.R. § 404.1545. Generally, a verbatim section exists establishing the same legal point with both types of benefits. *See e.g.*, 20 C.F.R. § 416.945. The Court will take care to detail any substantive differences that are applicable to the case, but will not always reference the parallel, verbatim section that pertains to SSI if there is no substantive difference.

must accord the ALJ's credibility determination "considerable deference," overturning it only if it is "patently wrong."  *Prochaska v. Barnhart*, 454 F.3d 731, 738 (7th Cir. 2006) (quotations omitted).

If the ALJ committed no legal error and substantial evidence exists to support the ALJ's decision, the Court must affirm the denial of benefits.  *Barnett*, 381 F.3d at 668.  When an ALJ's decision is not supported by substantial evidence, a remand for further proceedings is typically the appropriate remedy.  *Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 355 (7th Cir. 2005).  An award of benefits "is appropriate only where all factual issues have been resolved and the record can yield but one supportable conclusion."  *Id.* (citation omitted).

### III.    FACTUAL BACKGROUND

When Brianna W. filed her claim for disability, she alleged she could no longer work because of generalized anxiety disorder, bipolar disorder, agoraphobia, and panic disorder.  (Filing No. 8-6 at 3.)  She has completed high school and has worked as a cashier and hostess.[3]  (Filing No. 8-6 at 4.)

The ALJ followed the five-step sequential evaluation set forth by the SSA in 20 C.F.R. § 416.920(a)(4) and ultimately concluded that Brianna W. was not disabled.  (Filing No. 8-2 at 25.)  At step one, the ALJ found that Brianna W. had not engaged in substantial gainful activity[4] since March 22, 2016, the application date.[5]  (Filing No. 8-2 at 18.)  At step two, the ALJ found that she had "the following severe impairments: bipolar disorder, panic disorder, and anxiety."  (Filing No.

---

[3] The relevant evidence of record is amply set forth in the parties' briefs, as well as the ALJ's decision and need not be repeated here.  Specific facts relevant to the Court's disposition of this case are discussed below.

[4] Substantial gainful activity is defined as work activity that is both substantial (*i.e.*, involves significant physical or mental activities) and gainful (*i.e.*, work that is usually done for pay or profit, whether or not a profit is realized).  20 C.F.R. § 416.972(a).

[5] SSI is not compensable before the application date.  20 C.F.R. § 416.335.

4

8-2 at 18 (citations omitted).) At step three, the ALJ found that Brianna W. did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments. (Filing No. 8-2 at 18.) After step three but before step four, the ALJ concluded that Brianna W. had the RFC "to perform a full range of work at all exertional levels but with the following nonexertional limitations: [s]he can perform unskilled work with brief supervision and interactions with coworkers, but no interactions with the general public." (Filing No. 8-2 at 20.) At step four, there was no past relevant work to consider. (Filing No. 8-2 at 24.) At step five, considering Brianna W.'s age, education, work experience, and RFC, as well as the VE's testimony, the ALJ concluded that Brianna W. could have performed other work through the date of the decision with jobs existing in significant numbers in the national economy in representative occupations, such as a housekeeper cleaner, laundry worker, and hand packager. (Filing No. 8-2 at 24-25.)

## IV.    DISCUSSION

Brianna W. raises a host of errors, including that the ALJ did not address her obesity and migraine impairments, (Filing No. 10 at 11-15), and that the ALJ ignored the statement of her vocational rehabilitation consultant, April Dyar, whose reports reflect critical information about the nature, duration and limiting effects of Brianna W.'s mental conditions, and fully support her claim of disability. (Filing No. 10 at 31-32). Brianna W. contends that the ALJ's RFC finding did not properly accommodate her moderate limitations of concentration, persistence, or maintaining pace, and/or her individualized response to stress. (Filing No. 10 at 26-28.) She also contends that the ALJ generally failed to confront any evidence that corroborated her statements about her symptoms and conflicted with the ALJ's relevant conclusions evaluating such statements. (*See, e.g.*, Filing No. 10 at 33.)

5

In response, the Commissioner does little to respond to Brianna W.'s specific assignments of error, but rather reiterates what the ALJ addressed and stated in the written decision, arguing that the ALJ's conclusion is supported by substantial evidence that Brianna W.'s mental impairments responded well to treatment. (Filing No. 15 at 7-11.) The Commissioner also asserts generally that Brianna W. has not demonstrated that any identified errors were harmful. (Filing No. 15 at 12-13.)

The Commissioner's failure to respond to many of Brianna W.'s specific arguments invokes waiver. *See Herrmann v. Berryhill*, 2017 WL 6523931, at *13-14 (N.D. Ind. Dec. 20, 2017) (collecting district court decisions from cases within the Seventh Circuit finding that the Commissioner's failure to respond to the claimant's arguments in her initial appeal brief resulted in waiver). The Commissioner did not raise a meaningful response to any of the selected arguments detailed above. The Commissioner's response does not even mention obesity, migraines, or Ms. Dyar's statement.

Admittedly, the ALJ did not mention Brianna W.'s obesity or migraines in the written decision. However, the Seventh Circuit has held that "[a]lthough an ALJ need not discuss every piece of evidence in the record, the ALJ may not ignore an entire line of evidence that is contrary to the ruling." *Terry v. Astrue,* 580 F.3d 471, 477 (7th Cir. 2009). "The ALJ's opinion is important not in its own right but because it tells us whether the ALJ has considered all the evidence, as the statute requires [her] to do." *Stephens v. Heckler*, 766 F.2d 284, 287 (7th Cir. 1985).

Perhaps there are arguments to be made in support of the ALJ's decision. For example, Brianna W. did not assert that she was disabled because of obesity or migraines in her application, during the hearing, or in her representative's prehearing brief. (Filing No. 8-6 at 71-72 (the prehearing brief asserts that Brianna W.'s disability is based on only her mental impairments,

specified as bipolar disorder, generalized anxiety disorder, and panic disorder).) The SSA must generally consider impairments that are described by the claimant or established by the supporting medical evidence. 20 C.F.R. § 416.912(a) ("We will consider only impairment(s) you say you have or about which we receive evidence."). However, the Seventh Circuit has held that "[w]hen an applicant for social security benefits is represented by counsel the administrative law judge is entitled to assume that the applicant is making [her] strongest case for benefits." *Glenn v. Sec'y of Health & Human Servs.*, 814 F.2d 387, 391 (7th Cir. 1987); *Summers v. Berryhill*, 864 F.3d 523, 527 (7th Cir. 2017). Regardless, no such argument was made by the Commissioner here.

Moreover, Brianna W.'s other assignments of error are not so obviously harmless that the Court can conclude so without any relevant, individualized response from the Commissioner. For example, the ALJ gave "[g]reat weight" to the opinion of the reviewing psychological consultant, J. Grange, Ph.D. (Filing No. 8-2 at 23). Dr. Grange assessed that Brianna W. was moderately limited in her ability to: (1) maintain attention and concentration for extended periods, and (2) complete a normal workday and workweek without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods. (Filing No. 8-3 at 18.) However, the ALJ's RFC finding did not indicate that there was any limitation with those specific abilities. *See Varga v. Colvin*, 794 F.3d 809, 814 (7th Cir. 2015) (the RFC finding and resulting hypothetical to the VE must include the moderate limitations in concentration, persistence, or pace attributed to the claimant by the state agency consultant(s) in Section I of the Mental Residual Functional Capacity Assessment form).

The ALJ also did not address the statement of Ms. Dyar. In her professional capacity as an employment consultant, Ms. Dyar had personally worked with Brianna W. and met and talked with her multiple times in several different settings. (Filing No. 8-6 at 23.) Ms. Dyar observed

and described the presence of various vocationally relevant issues, including that Brianna W. attempted employment for short intervals resulting in "breakdowns," she was very dependent on her family members' support when needing to interact with others, her concentration was distracted on even her favorite activities, and she did not respond well to stress. (Filing No. 8-6 at 24-30.) The SSA recognizes statements from "[n]on-medical [s]ources" such as a "rehabilitation counselor" and notes that these "'other sources' may be based on special knowledge of the individual and may provide insight into the severity of the impairment(s) and how it affects the individual's ability to function." SSR 06-03p, 2006 WL 2329939, at *2 (S.S.A. Aug. 9, 2006). Statements from such sources should be weighed using the relevant factors listed in the ruling and "[a]n opinion from a 'non-medical source' who has seen the claimant in his or her professional capacity may, under certain circumstances, properly be determined to outweigh the opinion from a medical source, including a treating source." *Id*. at *5-6. Again, the ALJ did not address Ms. Dyar's statement, nor did the ALJ address the fact that Brianna W. had attempted employment in the past. The Commissioner has not offered any rationale to excuse the omission.

The ALJ also presented a one-sided discussion of the record, focusing exclusively on the evidence that supported her conclusion that Brianna W.'s treatment notes from visits with her providers—as well as the level and frequency of that treatment—indicated that her symptoms were controlled. Even if the ALJ's relevant conclusions are supported by substantial evidence, the written decision must demonstrate that the ALJ considered the balance of the record. Here, the decision does not reflect that conflicting evidence was considered. For example, even though Brianna W.'s mental impairments were described as "improving," in the same visit with her provider, her symptoms were noted to wax and wane and she was described as having increased distress, depression, and stress resulting in her feeling overwhelmed. (Filing No. 8-8 at 9-11.)

Accordingly, for all the reasons explained above, including considerations of waiver, remand is necessary for further evaluation of the record, including Brianna W.'s obesity and migraines and Ms. Dyar's statement. The ALJ should address enough evidence to allow meaningful review by demonstrating that both the evidence supporting her conclusions and any conflicting evidence was considered. Further consideration of Brianna W.'s mental RFC is also necessary to assure that all the limitations the ALJ finds supported are properly communicated to the VE for consideration at the later steps of the sequential evaluation.

## V. CONCLUSION

For the reasons stated above, the final decision of the Commissioner is **REMANDED** for further proceedings consistent with this Entry as authorized by Sentence Four of 42 U.S.C. § 405(g).

**SO ORDERED.**

Date: 5/27/2020

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

DISTRIBUTION:

Adriana Maria de la Torre
THE DE LA TORRE LAW OFFICE LLC
adriana@dltlawoffice.com

Catherine Seagle
SOCIAL SECURITY ADMINISTRATION
catherine.seagle@ssa.gov

Julian Clifford Wierenga
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
julian.wierenga@usdoj.gov