**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | |
|---|---|
| BRIANNA WILSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:19-cv-00772-TWP-DML |
| | ) |
| ANDREW M. SAUL, Commissioner of the Social | ) |
| Security Administration, | ) |
| | ) |
| Defendant. | ) |

**ENTRY ON PETITION FOR ATTORNEY FEES**
**UNDER THE EQUAL ACCESS TO JUSTICE ACT**

This matter is before the Court on a Petition for Attorney Fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d), filed by counsel for Plaintiff Brianna Wilson. ("Ms. Wilson") (Filing No. 20). Ms. Wilson's application for Social Security Disability Insurance Benefits ("DIB") based on severe physical and mental impairments, was denied initially and again after reconsideration. After being denied review of the decision by the Appeals Council, Ms. Wilson filed this civil action (Filing No. 1). On May 27, 2020, this Court reversed the Commissioner's Decision and remanded the matter to the Commissioner for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g) (Filing No. 18; Filing No. 19). Ms. Wilson's counsel requests payment under the EAJA for 46.5 attorney hours billable at a rate of $195.94 per hour, and 34.2 paralegal hours billable at a rate $100.00 for a total of $12,531.11. (Filing No. 21 at 6; Filing No. 26 at 16.) The Commissioner has filed a response in opposition. (Filing No. 24.) For the following reasons, the Petition is **granted in part**.

## I.     <u>DISCUSSION</u>

Under 28 U.S.C. § 2412(d)(1)(A), litigants who prevail in a judicial review of a United States government agency action are entitled to an award of attorney fees if:  (1) he was a "prevailing party"; (2) the government's position was not "substantially justified;" (3) there existed no special circumstances that would make an award unjust; and (4) they timely filed an application with the district court.  28 U.S.C. § 2412(d)(1)(A), (B); *Cunningham v. Barnhart*, 440 F.3d 862, 863 (7th Cir. 2006).  In this case, Ms. Wilson asserts (and the Commissioner does not dispute) that she is a prevailing party, the Government's position was not substantially justified, there are no special circumstances that would make an award unjust, and they filed a timely petition for attorney fees under the EAJA.  (Filing No. 24 at 2.)  The Commissioner opposes counsel's request on the grounds that (1) the amount of hours requested by counsel is unreasonable, and (2) the Court should direct the Commissioner to pay an EAJA award directly to Ms. Wilson rather than to Ms. Wilson's counsel if there is a preexisting debt (Filing No. 24).  The Court will address each of these issues in turn.

### A.     <u>Reasonableness of Requested Hours</u>

Only reasonably billed hours may be included in an award of attorney fees under the EAJA. *Hensley v. Eckhart*, 461 U.S. 424, 434 (2011).  In exercising its discretion in determining whether requested hours have been reasonably billed, a court should take into account a number of factors, including the size and complexity of the case, the staffing particulars, and the quality of outcome for the party.  *Id.* at 434–37.  As well, "[c]ounsel for the prevailing party should make a good-faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary." *Id.* at 434. The applicant for fees bears the burden of submitting evidence which adequately justifies the number of hours claimed.  *Id.* at 433.

In this case, Ms. Wilson's counsel has requested 46.5 attorney hours billable at a rate of $195.94 per hour, and 34.2 paralegal hours billable at a rate $100.00 for a total of $12,531.11. (Filing No. 26 at 16.)  When compared to other EAJA petitions granted in this District, counsel's 345-page record and request for $12,531.11 appears excessive. However, after considering the complexity of the case and the quality of the outcome, the Court determines that the requested amount is reasonable.

The administrative record in this case is 345 pages, with approximately 125 pages of medical evidence.  (Filing No. 24 at 1.)  The Commissioner asserts that 80.7 hours is excessive for the size of this record and courts have generally upheld award claims for more than 60 hours only when cases are more procedurally complex and have larger transcript sizes. *See, e.g. Abhsie v. Berryhill*, No. 16-cv-7357, 2017 WL 4804741, at *3 (N.D. Ill. Oct. 25, 2017 (allowing 62.85 hours for a transcript of 1,670 pages).  But, courts have also upheld similar award claims for transcript sizes that are comparable in size to Ms. Wilson's counsel.  *See*, *e.g.*, *Embry v. Barnhart*, No. 02-C-3821, 2003 WL 22478769 at *2-4 (N.D. Ill. Oct. 31, 2003 (holding 33.47 hours of attorney time and 55.25 hours of paralegal time reasonable in what the Commissioner claimed was a "relatively routine, disability case, with a transcript containing only 374 pages."). A review of the record reflects that Ms. Wilson's briefs for the civil case were both comprehensive and substantive.  The opening brief was 35 pages long and the reply brief was 17 pages long.  In total, Ms. Wilson's counsel presented 15 independent grounds for reversal and remand of the Administrative Law Judge's decision, and almost each of those independent grounds had multiple subparts that addressed errors at nearly all of the five steps of the sequential evaluation process.  (Filing No. 21.)  This analysis was key to Ms. Wilson's success. Additionally, 4.9 hours of the 46.5 hours was spent on a 17-page reply brief to oppose the

Commissioner's motion to reduce the attorney fees.  (Filing No. 26 at 16.)

The outcome of the case was clearly favorable for Ms. Wilson. The Order to remand was issued on a finding that the Administrative Law Judge omitted facts favorable to Ms. Wilson and made a one-sided discussion of the record that focused exclusively on the evidence that supported her conclusion.  It is also important to note that since Ms. Wilson was represented by different counsel at the administrative level, time was spent by counsel to review the record.

For the foregoing reasons, the Court concludes that the number of hours expended on this case is reasonable.

**B.**    **Assignment of EAJA Fee**

While the United States Supreme Court has held that EAJA fees are payable in the first instance to litigants and not their attorneys, this holding does not preclude prevailing parties from assigning their right to EAJA fees to their attorneys.  *Astrue v. Ratliff*, 560 U.S. 586, 591 (2010). As well, the Seventh Circuit has explained that the only ground for the district courts insisting on making the award to the prevailing party rather than to the lawyer to which he has assigned his EAJA award, is that the prevailing party "has debts [to the U.S. Government] that may be prior to what [he] owes [his] lawyer."  *Mathews-Sheets v. Astrue*, 653 F.3d 560, 565 (7th Cir. 2011).

The Commissioner argues the attorney fee award should to be disbursed in a check payable to Ms. Wilson if there is pre-existing debt.  Ms. Wilson agrees.  Along with her Petition, Ms. Wilson has included a copy of a fee agreement, which assigns any award of EAJA fees to which she may be entitled to The de la Torre Law Office LLC.  (Filing No. 20-2.)  In that agreement, Ms. Wilson asks that the Court award the EAJA fees directly to her attorney of record, offset by the outstanding debt Ms. Wilson owes the Government, if any.  (Filing No. 26 at 14-15.)  This request comports with the law as described in both *Ratliff* and *Mathews-Sheets*; therefore, the Court will

award the EAJA fees directly to Ms. Wilson's counsel pursuant to the contractual assignment, offset by any debt owed to the Government.

## II.    **CONCLUSION**

For the foregoing reasons, the Court **GRANTS in part** the Petition for Attorney Fees Under the Equal Access to Justice Act, (Filing No. 20), and awards Ms. Wilson's counsel fees in the amount of $12,531.11.  The Court **ORDERS** the Commissioner to make this payment to The de la Torre Law Office LLC within seventy (70) days from the date of this Order, as requested by Ms. Wilson. If within seventy days of the date of this Order the Commissioner finds evidence that Ms. Wilson owes an outstanding debt to the U.S. Government, the Commissioner may reduce the award by the amount of the debt owed.

**SO ORDERED.**

Date:  11/24/2020

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

Adriana Maria de la Torre
THE DE LA TORRE LAW OFFICE LLC
adriana@dltlawoffice.com

Catherine Seagle
SOCIAL SECURITY ADMINISTRATION
catherine.seagle@ssa.gov

Julian Clifford Wierenga
UNITED STATES ATTORNEY'S OFFICE
julian.wierenga@usdoj.gov